

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

February 25, 1974

The Honorable Elmo Parsons
County Attorney
Falls County
Marlin, Texas 76661

Opinion No. H- 239

Re: Questions concerning the
county permanent school funds
as affected by the amendment
to Article 7 of the Constitution.

Dear Mr. Parsons:

A letter from your office has asked:

"Is it proper for the Falls County Commissioners
Court to purchase Chilton school bonds with the Falls
County Permanent School Funds?"

The letter explains that the Commissioners Court would like to purchase
Chilton Independent School District Bonds in the amount of $85,000 with Falls
County Permanent School Fund money, that the bonds would bear interest at
the rate of 1/10 of 1% per annum and that they would be purchased on an "entire
per capita county student basis" so as not to discriminate against other school
districts in the county.

We have also received an inquiry about this matter from Representative
Dan Kubiak, Chairman of the House of Representatives Committee on Education,
who asks about the application of Article 7, § 6b of the Texas Constitution.

The county permanent school fund is impressed with a trust in favor of the
local inhabitants and schools, and the commissioners court administers the fund
as trustee, with the duties of trustee. Art. 7 § 6, Texas Constitution; Love
v. City of Dallas, 40 S. W. 2d 20 (Tex. 1931). Delta County v. Blackburn, 93
S. W. 419 (Tex. 1906); Potter County v. C. C. Slaughter Cattle Co., 254 S. W. 775
(Com. App. 1923).

Attorney General Opinion M-1104 (1972) dealt with the precise question asked here, and was written in response to a request by a prior County Attorney of Falls County.  That opinion concluded that investment of Falls County Permanent School Fund monies in Falls County obligations bearing a return of only 1/10 of 1% per annum is improper, among other reasons, as violative of the "prudent man" test of Article 7425b-46 V. T. C. S.  See 90 C. J. S. , Trusts § 323.

The "prudent" character of an investment is ordinarily one of fact, unless reasonable minds could not disagree.  But the same considerations which applied in Opinion M-1104 apply here to foreclose the question.  We believe that the courts, in today's world, if presented the case as presented to us, would consider the contemplated investment improper as a matter of law.

We believe that that Opinion is still dispositive of the issue,  despite the addition of Section 6b to Article 7 of the Constitution in 1972.

This provision reads in part:

> ". . . [A]ny county, acting through the commissioners
> court, may reduce the county permanent school fund of
> that county and may distribute the amount of the reduction
> to the independent and common school districts of the
> county on a per scholastic basis to be used solely for the
> purpose of reducing bonded indebtedness of those districts
> or for making permanent improvements. "

The new constitutional language was construed in Attorney General Opinion H-47 (1973) which explains the application of the term "per scholastic basis. "

Section 6b does not affect the standards to which a trustee is held regarding investment of the county permanent school fund.  It does authorize distribution of the corpus to the school districts for the purpose of reducing of bonded indebtedness or making permanent improvements.

If the Chilton Independent School District proposes to make permanent improvements or to reduce bonded indebtedness and the proposed bond sale is for one of these purposes, Section 6b authorizes the direct distribution of a portion of the corpus of the Falls County Permanent School Fund to the Chilton district.

This portion may not exceed Chilton Independent School District's pro-rata entitlement determined on a per scholastic basis, and a sufficient portion of the fund must be retained to pay any applicable ad valorem taxes.  Article 7, Section 6b, Texas Constitution.

It is our understanding that both the Marlin School District and the Rosebud-Lott School District have previously sold bonds to the Fund at a similar rate of interest as that proposed here.  The propriety of these prior transactions should be considered in light of the analysis above.  The Chilton Independent School District is entitled to have its distributable share of the county permanent school fund based upon a restored fund, or one adjusted to allow a fair distribution in the light of transaction already completed between the Fund and other school districts.

### SUMMARY

The Commissioners Court may distribute to the Chilton Independent School District a portion of the county permanent school fund for permanent improvements or to reduce bonded indebtedness so long as the proper pro-rata entitlement of the school district is not exceeded, and so long as a sufficient portion of the fund remains to pay applicable ad valorem taxes, but the Commissioners Court may not purchase on behalf of the county permanent school fund bonds of the school district bearing interest at only 1/10th of 1% per annum.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee